DECISION
This matter is before the Court on plaintiff's petition for post conviction relief and motion to correct a sentence. The single issue in this post conviction relief action before the Court is whether the petitioner knowingly and voluntarily waived his rights in entering his plea in N2/92-0389A.
After a complete review of the entire record of the transcript of proceedings before Mr. Justice Calderone (ret.) and a review of all the information provided by the petitioner in his various filings, nothing remotely suggests that the petitioner did anything other than to make a knowing, willing and intelligent waiver of all his rights, while represented by counsel, and entered a voluntary plea to the charges in the above captioned case.
The petitioner relies solely on an erroneous docket sheet entry which the petitioner has seized upon to support his claim that he was coerced into making a plea.
A review of the record leads to the inescapable conclusion that the docket sheet date in question was the result of a clerical or typographical error which does not support any factual issue alleged by the petitioner.
In State v. Dufresne, 436 A.2d 720 (1981), the Rhode Island Supreme Court, in citing Tollett v. Henderson, 411 U.S. 258 (1973) stated:
 "[A] guilty pleas represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty pleas. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann v. Richardson, 397 U.S. 759 (1970)."
In this case, the transcript of the proceedings clearly and conclusively demonstrates that the violation of probation proceeding, which was previously filed in N2/89-381A on November 20, 1992, which alleged that the petitioner had violated the terms and conditions of his probation, was still pending on December 4, 1992. Specifically, the violation was withdrawn only after the petitioner waived information N2/92-0389A and admitted his guilt in relation to the new charges of delivering cocaine. A closer examination of the transcript reveals that a majority of the discussion in court on December 4, 1992, between Judge Caldarone, Thomas Matthews, his mother Francis Matthews, and his attorney, Mr. Orr, deals with the pending violation. Additionally, there is substantial discussion between the above parties concerning the fact that if the petitioner waives information and pleads to the new charges, then the violation will be withdrawn (Transcript p. 14).
The fact that the docket sheet reflects that the violation of probation was withdrawn on December 3, 1992 does not automatically make the plea defective. After review of the transcript, all reasonable inferences and rational minds can conclude that the docket sheet contains a clerical mistake. Under Rule 36 of the Rhode Island Superior Court Rules of Criminal Procedure, such oversight or omission may be corrected by the court at any time if it isdetermined to be a clerical mistake. In this case, once the transcript revealed that the violation was actually withdrawn on December 4, 1992 and not December 3, 1992, as the docket sheet had incorrectly indicated, the only thing that should have been initiated by the petitioner was a request to correct a clerical mistake under Rule 36. The petitioner's assertion that recently discovered facts previously unknown to the petitioner, but known to the State and withheld from the petitioner, the Court concludes has no basis in fact.
Accordingly, the petitioner's claim for post conviction relief is hereby denied.